UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.    CV 13-00060-VBF                         Dated:    June 24, 2013

Title:    *Timothy Wayne Sherow, Senior v. Paul Brazleton (Warden)*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                     N/A
Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

N/A                                              N/A

PROCEEDINGS (IN CHAMBERS):    ORDER ADOPTING THE REPORT AND RECOMMENDATION WITH CLARIFICATIONS

The Court adopts the Magistrate Judge's conclusion in the well-reasoned Report and Recommendation ("R&R") that all three claims in the instant federal habeas petition should be dismissed, essentially for the reasons stated by the Magistrate Judge. The Court adopts without change the R&R's analysis of petitioner's Fourth Amendment claim. *See* R&R at 8 (citing *Stone*, 428 U.S. at 494); *see also Wallace v. Kato*, 549 U.S. 384, 395 n.5, 127 S. Ct. 1091, 1099 n.5 (2007) ("Fourth Amendment violations are *generally* not cognizable on federal habeas [review], but they *are* cognizable when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'") (quoting *Stone*, 428 U.S. at 482).[1] The

---

[1]  The *Stone v. Powell* limitation on the availability of federal habeas relief for such alleged Fourth Amendment violations is "not jurisdictional in nature, but rest[s] on prudential concerns counseling against the application of the Fourth Amendment exclusionary rule on collateral review." *Withrow v. Williams*, 507 U.S. 680, 686, 113 S. Ct. 1745, 1750 (1993) (citing, *inter alia*, *Stone*, 428 U.S. at 494-95 n.37, 96 S. Ct. at 3052-53

Court will adopt the R&R's recommendation to dismiss both of petitioner's ineffective assistance of counsel claims as well, but with clarifications described below.

In January 2012 the Supreme Court issued *United States v. Jones*, 565 U.S. –, 132 S. Ct. 945 (2012), holding that "tracking an automobile's whereabouts using a physically-mounted GPS [Global Positioning Satellite] receiver is a Fourth Amendment search." *Florida v. Jardines*, – U.S. –, 133 S. Ct. 1409, 1414 (2013) (citing *Jones*, 132 S. Ct. at 950, and quoting *id.* at 950-51 n.3, for the principle that "[w]hen 'the Government obtains information by physically intruding' on persons, houses, papers, or effects, 'a search within the original meaning of the Fourth Amendment' has 'undoubtedly occurred.'").[2]

Before the Supreme Court issued *Jones*, Ninth Circuit precedent did not hold that attaching a GPS device to an automobile and using it to monitor the GPS's movements constituted a search for Fourth Amendment purposes. "Recently, the Ninth Circuit Court of Appeals held that suppression of evidence obtained from the attachment of a GPS device monitoring device prior to *Jones*, was not warranted because agents objectively relied on then-existing binding precedent when they attached the devi[c]e to defendant's car." *United States v.*

---

n.37, and *Kimmelman v. Morrison*, 477 U.S. 365, 379 n.4, 106 S. Ct. 2574, 2585 n.4 (1986)); *accord Young v. Conway*, No. 11-830, – F.3d –, –, 2013 WL 1749701, *6 (2d Cir. Apr. 23, 2013) (Parker, J., joined by Hall, J., concurring in denial of reh'g *en banc*) ("[T]he Supreme Court made clear that *Stone*'s rule is not jurisdictional.").

2

"Although some of the concurring Justices in *Jones* noted that long-term GPS monitoring may raise Fourth Amendment concerns, the majority limited its analysis to the trespassory nature of the GPS installation, refusing to establish a point at which uninterrupted surveillance might become constitutionally problematic." *United States v. Krawczyk*, 2013 WL 2481275, *4 (D. Ariz. June 10, 2013) (rejecting defendant's argument that 24-hour surveillance by cameras mounted on poles in public places violated his Fourth Amendment rights) (citing *Jones*, 132 S. Ct. at 954).

*Brooks*, 2012 WL 5984796, *3 (D. Ariz. Nov. 28, 2012) (James Teilborg, J.) (citing *United States v. Pineda-Moreno*, 688 F.3d 1087, 1091 (9th Cir. 2012), *cert. denied*, – U.S. –, 133 S. Ct. 994 (2013)).[3]

Both on direct appeal and in unsuccessful state habeas petitions, petitioner claimed that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence that the police gathered as a result of the GPS they attached to the vehicle he was driving without first obtaining a warrant. The California courts did not address this Fourth Amendment ineffective-assistance claim on direct appeal, but on collateral review the California Court of Appeal issued a reasoned written decision rejecting the claim for lack of merit.

**The otherwise well-reasoned Report proceeds on the premise that federal habeas review assesses the state court's compliance with Supreme Court precedents as they stood *at the time petitioner's convictions became final*. This Court must respectfully disagree with the Report on this score.** The Supreme Court has clearly held, and recently reaffirmed, that a federal habeas court under AEDPA must assess whether the relevant state court followed U.S. Supreme Court holdings as they existed *at the time of the state court's decision rejecting the claim*. The relevant state court is the California Court of Appeal, because that court issued the only reasoned decision adjudicating the merits of this claim.[4]

---

[3]

*See, e.g., United States v. Valles*, 2013 WL 1867005, *1 (D. Ariz. May 2, 2013) (denying motion to suppress evidence gathered by use of GPS placed on vehicle without a warrant, court found that good-faith exception to exclusionary rule applied because "the agent reasonably relied on Ninth Circuit precedent when he attached the device") (citing, *inter alia*, *United States v. MacIver*, 186 F.3d 1119, 1127 (9th Cir. 1999)); *United States v. Smith*, 2012 WL 4898652, *2-*3 (D. Nev. Oct. 15, 2012) (same); *United States v. Tan*, 2012 WL 3535887, *2 (E.D. Cal. Aug. 15, 2012) (same); *United States v. Aquilar*, 2012 WL 1600276 (D. Idaho May 7, 2012) (same); *United States v. Leon*, 856 F. Supp.2d 1188 (D. Haw. Mar. 28, 2012) (same).

[4]

In *Greene v. Fisher*, – U.S. –, 132 S. Ct. 38 (2011), the Supreme Court rejected the notion that the relevant state court decision could be a state supreme court decision which simply denied review of a claim. Parsing the language of 28 U.S.C. § 2254(d)(1), the Supreme Court reasoned as follows:

Greene alternatively contends that the relevant "decision" to which the "clearly established

On AEDPA review this Court's role is to measure the California Court of Appeal (in its decision rejecting petitioner's Fourth Amendment claim on collateral review) against U.S. Supreme Court holdings which existed at the time of the California Court of Appeal's decision.[5] Thus, at the time of the state-court decision which this Court is reviewing (April 2012), the "clearly established federal law" which the state court was bound to follow included *Jones* (issued in January 2012). For purposes of the ineffective-assistance-of-trial-counsel claim, this correction does not alter the outcome, for the following reasons.

But the California Court of Appeal, in turn, was tasked with assessing trial counsel's performance *based, of course, on the federal law available to trial counsel at the time of trial*, November 2009. At that time, the Supreme Court had not yet issued *Jones*, and without *Jones*, there was no Supreme Court or Ninth Circuit

---

> Federal law" criterion must be applied is the decision of the state supreme court that disposes of a direct appeal from a defendant's conviction or sentence, even when (as here) that decision does not adjudicate the relevant claim on the merits. This is an implausible reading of § 2254(d)(1). The text, we repeat, provides that habeas relief
>
>> "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ."
>
> [t]he words "the adjudication" in the "unless" clause obviously refer back to the "adjudicat[ion] on the merits,"' and the phrase "resulted in a decision" obviously refers to the decision produced *by that same adjudication on the merits.*

*Greene*, – U.S. at –, 132 S. Ct. at 44-45 (italics in original).

[5] The Court does not review the California Supreme Court's subsequent summary silent denial of review. *See Carr v. Harrington*, 2011 WL 3652246, *3 (C.D. Cal. July 22, 2011) (Fairbank, J.) ("Where, as here, the California Supreme Court denies a petitioner's claims without comment, the state high court's 'silent' denial is considered to be 'on the merits' and to rest on the last reasoned decision on these claims, in this case, the grounds articulated by the California Court of Appeal in its decision.") (citing, *inter alia, Ylst v. Nunnemaker* and *Hunter v. Aisporo*, 982 F.2d 344, 347-48 (9th Cir. 1992)).

precedent holding that GPS intrusions such as the one the police committed here constitute a search for Fourth Amendment purposes.  Consequently, petitioner has not shown that a *Jones*-type motion to suppress the GPS-gathered evidence would have been reasonably likely to yield a more favorable outcome at trial.  With no ability to show such a reasonable probability, petitioner has not established *Strickland* prejudice, the second prong of *Strickland*.  Nor has petitioner established that his trial counsel performed deficiently, the first prong of *Strickland*, because failure to make a meritless or likely unsuccessful objection cannot constitute deficient performance, as a matter of law.  *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("Here, the merits of the coercion claim control the resolution of the *Strickland* claim because trial counsel cannot have been ineffective for failing to raise a meritless objection.").  Therefore, it was not unreasonable or contrary to clearly established federal law for the California Court of Appeal to conclude that trial counsel was not ineffective for "failing" to move to suppress evidence on the theory that police violated petitioner's Fourth Amendment rights by affixing the GPS device to the car he was driving without first obtaining a warrant.

**The Court likewise adopts the Magistrate Judge's recommendation to deny petitioner's claim for ineffective assistance of *appellate* counsel.**  Once again, the relevant state-court decision – the decision this Court is reviewing – is the California Court of Appeal's April 2012 decision denying this claim on collateral review.  At the time of that decision, the "clearly established federal law" which the state courts were bound to follow included *US v. Jones*, which the Supreme Court had issued three months earlier in January 2012.  But in assessing whether petitioner's appellate counsel rendered ineffective assistance by "failing" to move to suppress the GPS-gathered evidence, the California Court of Appeal necessarily had to assess counsel's performance and decisionmaking based on the precedent that was available to him at the time of the performance, i.e., when he filed petitioner's briefs on appeal.[6]  Petitioner's appellate counsel filed his briefs on

---

[6]

Petitioner has not attempted to assert a claim for ineffective assistance of counsel by the attorney who represented him in his state *habeas* proceedings.  Such a claim could not succeed, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings" and "[c]onsequently, a petitioner cannot

appeal to the California Court of Appeal (Lodged Documents 7 and 9) in 2010-2011. The Supreme Court did not issue *Jones* until January 2012, after the California Court of Appeal rejected petitioner's Fourth Amendment claim directed at the GPS evidence, and there was no existing Supreme Court or Ninth Circuit precedent likely to support such a claim. Therefore, it cannot be said that petitioner's appellate counsel performed deficiently or caused *Strickland* prejudice by "failing" to make a *Jones*-type argument to the California Court of Appeal.

**Finally, the Court adopts the Report's description of the legal standard for ineffective assistance of counsel, with the following addition.** The Report correctly describes the first layer of deference which courts must accord to the decisions of counsel when assessing any ineffective-assistance claim under *Strickland v. Washington* (U.S. 1984). That is the full legal standard which would apply *on direct appeal*. But the Supreme Court has held that when a federal court is conducting AEDPA *collateral review* of a state court's *Strickland* ruling, a "second layer of deference" applies – deference above and beyond that which courts afford to counsel's "wide range" of reasonable choices under *Strickland*. In *Richter v. Harrington*, issued in 2011, the Supreme Court held that AEDPA requires an additional level of deference to a state-court decision rejecting an ineffective-assistance claim. **"**The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Richter*, – U.S. at –, 131 S. Ct. at 785. As the Supreme Court further observed in *Richter*,

> "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. –, 130 S. Ct. 1473, 1485 . . . (2010). An ineffective-assistance claim can function as a way to escape

---

claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); *see also Martinez v. Ryan*, – U.S. –, 132 S. Ct. 1309, 1315 (2012); *see, e.g., Harris v. United States*, 2012 WL 7845578, *1 (C.D. Cal. Aug. 20, 2012) (Fairbank, J.) ("Petitioner is advised that '[t]here is no constitutional right to the appointment of counsel in a . . . habeas proceeding'") (quoting *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 2001)).

MINUTES FORM 90    Initials of Deputy Clerk ___Lk___
CIVIL - GEN

rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. . . . * * * Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. * * *

*Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both 'highly deferential,' id.*, at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 . . . (1997)*, and when the two apply in tandem, review is 'doubly' so, Knowles*, 556 U.S., at -, 129 S. Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at -, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

*Richter*, – U.S. at –, 131 S. Ct. at 785 (emphasis added).

Applying this second layer of deference to the state court of appeal's ruling, however, merely reinforces the Magistrate Judge's conclusion that this Court should not disturb the state court's ruling on petitioner's ineffective-assistance claims. Given that the Magistrate's conclusion was already correct under the single layer of deference which we accord to counsel's performance when considered on direct appeal, then *a fortiori* the conclusion is even more correct when one adds the "second layer of deference" required by 28 U.S.C. § 2254(d)(1). *See Berghuis v. Thompkins*, 560 U.S. 370, –, 130 S. Ct. 2250, 2265 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim

is rejected on *de novo* review."); *Weeks v. Angelone*, 528 U.S. 225, 237, 120 S. Ct. 727, 734 (2000) (because petitioner's claim was without merit on *de novo* review, i.e. without the additional deference required when AEDPA applies, "it follows *a fortiori* that the adjudication of the [state court] affirming petitioner's conviction and sentence neither was 'contrary to,' nor involved an 'unreasonable application of,' any of our decisions."); *see, e.g., Carey v. McDaniel*, 2013 WL 1326450, *8 (D. Nev. Mar. 29, 2013) (denying habeas claim, court stated, "Petitioner's merits argument would be strained at best even on a *de novo* review. *A fortiori*, on deferential review under § 2254(d)(1), it is clear that petitioner cannot establish a basis for relief . . . ."); *Wilson v. McGrath*, 2006 WL 2845611, *11 (N.D. Cal. Sept. 29, 2006) ("Wilson cannot prevail on any of his myriad claims of ineffective assistance of counsel. *A fortiori*, he cannot demonstrate that the California courts' rejection of those claims was 'contrary to, or involved an unreasonable application of, clearly established federal law . . . .") (citing 28 U.S.C. § 2254(d)(1)) (n.6 omitted), *aff'd sub nom. Wilson v. Ayers*, 315 F. App'x 27 (9th Cir. 2008).[7]

**ORDER**

The Report and Recommendation is **ADOPTED as clarified**.

The 28 U.S.C. section 2254 petition for a writ of habeas corpus is **DENIED**.

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[8]

---

[7]

*Accord Ellsworth v. Warden*, 333 F.3d 1, 4 n.1 (1st Cir. 2003) (after citing 28 U.S.C. § 2254(d)(1), the provision of AEDPA which requires additional deference to state-court rulings on federal collateral review, panel reasoned that "Ellsworth's other claims fail even under a *de novo* standard and therefore fail *a fortiori* under a more deferential one."); *Waller v. Varano*, 2012 WL 7963003, *8 (E.D. Pa. Nov. 20, 2012), *R&R adopted*, 2013 WL 1628230 (E.D. Pa. Apr. 16, 2013).

[8]

*See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a)."); *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1).").

This case shall be **CLOSED**.

IT IS SO ORDERED.